TATE *v.* THOMAS.

*(Circuit Court, S. D. New York.* December 28, 1885.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—TATE QUILTING–MACHINE.
   Former opinion, 22 Fed. Rep. 660, adhered to.
2. SAME—IMPROVEMENT ON MACHINE.
   Where, by the addition of certain elements, a machine is made which is properly the subject of a patent, as an improvement on a machine which it is claimed to infringe, it does not follow the original machine has not been infringed.

In Equity.
*Edwin H. Brown* and *Edward N. Dickerson,* for complainant.
*Solomon J. Gordon,* for defendant.

WALLACE, J. A careful study of the Nicoll patent, aided by the testimony of the experts for the parties, has resulted in the conviction that this patent has no material bearing upon the validity or the construction to be given to the eighth claim of the complainant's patent. It shows a series of needles set in two rows, with longitudinal and lateral feeding devices, in a sewing-machine organized to stitch pieces of fabric together by double rows of stitching in parallel lines. There is no fair suggestion in the patent of any organization of needles and feeding devices by means of which the lines of stitching made by the needles are to have any such relation to each other as is indispensable to produce the result contemplated and effected by Tate, viz., to produce a diamond pattern by the juxtaposition of the parallel zigzag lines at the angles of the apexes.

The troublesome question in the case is whether the defendant's machine, constructed pursuant to the specification of the patent to Manning A. King, of June 9, 1874, is an infringement of the eighth claim of the complainant's patent; and the patent to Nicoll does not afford any assistance in its solution. This question has been fully reconsidered since the hearing of the cause, and the conclusion originally reached has been confirmed; although not without some vacillation of opinion. The defendant's machine produces diamond patterns by employing the alternating needles, with the necessary feed-

ing devices, which are the subject of the claim, and to, the extent to which these parts co-operate to produce the new result of the patent (whether that be considered the making of the diamond pattern or making them by conjoining zigzag lines of stitches) it is not apparent that there is any difference in their mode of operation in the patent and in the machine. If it be conceded that King, by employing additional needles, has made a machine which is properly the subject of a patent as an improvement upon Tate's, it does not follow that he has not appropriated Tate's invention.